UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MADONNA F.,[1]

                        Plaintiff,                  **DECISION AND ORDER**

v.                                                              1:22-cv-405-JJM

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) to review the final determination of the Commissioner of Social Security that she was not disabled. Before the court are the parties' cross-motions for judgment on the pleadings [7, 8].[2] The parties have consented to my jurisdiction [12]. Having reviewed their submissions [7, 8, 9], this action is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

### BACKGROUND

The parties' familiarity with the 1,508-page administrative record [4] is presumed. On March 25, 2020, plaintiff filed an application for disability insurance benefits, alleging an onset date of July 2, 2018. Administrative Record [4] at 13, 71. Plaintiff complained of a lower back injury and depression. Id. at 71. Plaintiff's claim was denied initially and denied again on reconsideration. Id. at 18, 67, 86.

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]     Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

A.     **The Hearing**

Administrative Law Judge ("ALJ") Paul Georger conducted a telephone hearing on January 29, 2021. Id. at 29-56. Plaintiff was represented by an attorney. Id. at 29, 33.

Plaintiff testified that she lived at home with her husband and two children. Id. at 35. She had previously worked a contract security officer at a chemical plant. Id. at 36-37. She was now limited in what jobs she could perform due to a lower back injury and pain-related limitations on lifting, bending, and repetitive motions. Id. at 39. She needed to be able alternate between sitting and standing. Id. Plaintiff was able to sit for 15 to 20 minutes and stand for 15 to 20 minutes at a time. Id. at 40. She had low back surgery in June 2020, and her fusion had not yet completed. Id. at 41-42. She used a cane to get around, which she needed about every other day. Id. at 42-43. Her doctor prescribed use of the cane after her surgery. Id. at 43. She was also being treated for depression. Id. She needed assistance getting dressed and could only do light housework. Id. at 43-44. She was prone to falling. Id. at 43-47. She would watch her children, one of whom was three years old, at home. Id. at 47.

A vocational expert testified that a person limited to sedentary work with no use of ramps, stairs, ladders, ropes, or scaffolds; no balancing; occasional stooping, no kneeling, crouching, or crawling, and with a sit/stand option allowing for change of position every 15 minutes could perform jobs existing in the national economy. Id. at 51-52. He further testified that if the sit/stand option were modified to "at will", plaintiff would be precluded from any competitive work. Id. at 53.

B.     **The ALJ's Decision**

On March 30, 2021, ALJ Georger issued a Notice of Decision denying plaintiff's claim. Id. at 13-23. He found that plaintiff had the severe impairments of degenerative disc

disease of the lumbar spine with spondylosis and radiculopathy, status-post lumbar fusion surgery with instrumentation, and obesity. Id. at 15. He assessed plaintiff with only mild limitations in the ability to concentrate, persist or maintain pace. Id. at 17.

ALJ Georger determined that plaintiff retained the residual functional capacity ("RFC") to perform work at the sedentary exertional level, except that she required a sit/stand option with the ability to change positions every 15 minutes; she could never climb ramps, stairs, ropes, ladders or scaffolds; she could never balance, kneel, crouch or crawl; but she could occasionally stoop. Id. at 18.

ALJ Georger found that plaintiff was unable to perform past relevant work, but that she could perform various unskilled, sedentary jobs that exist in significant numbers in the national economy. Id. at 21-23. Accordingly, he found that plaintiff was not disabled. Id. at 23.

C.    **The Medical Evidence**

From January 2018 to January 2020, plaintiff treated with several providers relative to lower back pain with sciatica and various other ailments. [7-1] at 7-12. She was evaluated for Worker's Compensation and assessed as partially disabled with restricted duty recommended. [4] at 405-34. In June 2020, plaintiff underwent surgery on her lower back, including an anterior interbody fusion, lumbar discectomy, and cauda equina decompression. Id. at 1447-48.

In September 2020, Hongbiao Liu, M.D., performed a consultative medical examination of plaintiff. [4] at 1456. Plaintiff reported using a cane "all the time" to limit pain. Id. at 1457. Dr. Liu agreed that the cane is "medically necessary" to limit her pain. Id. He assessed plaintiff with "moderate" limitations as to prolonged walking, bending, kneeling, squatting, stair climbing, carrying heavy weights, and prolonged sitting and standing. Id. at 1459.

ALJ Georger found Dr. Liu's opinion "partially persuasive", agreeing that his examination findings are consistent with plaintiff's treatment history. Id. at 21. He considered Dr. Lui's assessment as to "moderate" limitations and "prolonged" walking to be vague, but ultimately not inconsistent with his RFC determination. Id.

## ANALYSIS

**A.     Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York, Inc. v. NLRB, 305 U.S. 197, 229 (1938); *see also* Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Colgan v. Kijakazi, 22 F.4th 353, 359 (2d Cir. 2022) ("[a]lthough . . . the evidentiary threshold for the substantial evidence standard 'is not high,' . . . the substantial evidence standard is also not merely hortatory: It requires relevant evidence which would lead a 'reasonable mind' to concur in the ALJ's factual determinations").

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. *See* Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920.  The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

B.     **The ALJ's sit/stand determination was supported by substantial evidence.**

Plaintiff argues that ALJ Georger erred by crafting an RFC with a "highly specific" sit/stand component, *i.e.*, that claimant requires the option to alternate between siting and standing every 15 minutes. [7-1] at 13 (*citing* [4] at 18). Plaintiff argues that the 15-minute duration or frequency was not articulated in any of the medical opinions of record, and that the ALJ's finding is therefore not sufficiently tethered to the evidence. Id. at 13-17. The Commissioner argues that there was sufficient evidence in the record, including plaintiff's own statements, to support ALJ Georger's finding. [8-1] at 8-18. I agree with the Commissioner.

As the Commissioner points out, it is the ALJ, not any medical source, who is responsible for formulating a claimant's RFC. *See* 20 C.F.R. §§404.1546(c), 404.1527(d)(2) and §§416.946(c), 416.927(d)(2); Curry v. Commissioner of Social Security, 855 Fed. App'x 46, 48 (2d Cir. 2021) (Summary Order). Accordingly, the RFC need "not perfectly correspond with any of the opinions of medical sources cited in his decision", and the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole". Matta v. Astrue, 508 Fed. App'x. 53, 56 (2d Cir. 2013) (Summary Order); *see* Schillo v. Kijakazi, 31 F.4th 64, 78 (2d Cir. 2022). Ultimately, "[t]he question is . . . whether the ALJ's conclusion was 'supported by the record as a whole'". Nieves v. Commissioner of Social Security, 2019 WL 4565112, *4 (S.D.N.Y. 2019) (*quoting* Tricarico v. Colvin, 681 F. App'x 98, 101 (2d Cir. 2017) (Summary Order)).

Here, Dr. Liu opined that plaintiff had a moderate limitation for prolonged sitting and standing. [4] at 1459. Independent medical examiner Kevin Scott, M.D., also opined that plaintiff could endure "no prolonged standing". Id. at 1179. ALJ Georger found these opinions generally persuasive on this point, but insufficiently specific. Id. at 21. The Social Security

Administration requires that, where an individual "need[s] to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically" then "[t]he RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." SSR 96-9P, 1996 WL 374185, *7. To do so in this case, ALJ Georger was required to look beyond the medical opinion evidence.

"[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.'" Cook v. Commissioner of Social Security, 818 F. App'x 108, 109-10 (2d Cir. 2020) (Summary Order) (*quoting* Tankisi v. Commissioner of Social Security, 521 F. App'x 29, 34 (2d Cir. 2013)). The fact that the ALJ relied on evidence other than the medical opinions does not render his finding impermissibly of his "own surmise". *Cf.* Cosnyka v. Colvin, 576 F. App'x 43, 46 (2d Cir. 2014) (Summary Order). Medical opinion evidence is just one of several categories of evidence for the ALJ to consider. *See* 20 C.F.R. §404.1513 ("Categories of evidence").

Plaintiff testified at the hearing that she could sit for 15 to 20 minutes and stand for 15 to 20 minutes at a time. [4] at 40. She also reported to Dr. Liu that she could "change position in 15 minutes while sitting or standing". Id. at 1456. Thus, ALJ Georger's selection of 15 minutes as the durational frequency of the plaintiff's need to change positions was not "arbitrary". *Cf.* Tara W. v. Commissioner of Social Security, 2021 WL 4316824, *3 (W.D.N.Y. 2021). On the contrary, ALJ Georger's sit/stand determination was supported by substantial evidence. *See* Threatt v. Commissioner of Social Security, 2020 WL 4390695, *5 (W.D.N.Y. 2020) ("I find no error in . . . partially accepting plaintiff's testimony that she was unable to sit for more than 15 to 20 minutes and stand for more than 15 minutes at a time"); Yargeau v.

Berryhill, 2018 WL 1335388, *4 (W.D.N.Y. 2018) ("[a] claimant's testimony is acceptable evidence to support the inclusion of a limitation in an RFC determination").

Moreover, it is ultimately plaintiff's burden to prove a more restrictive RFC than the one assessed by the ALJ. See Smith v. Berryhill, 740 F. App'x 721, 726 (2d Cir. 2018) (Summary Order). Plaintiff points to nothing in the record demonstrating that she is unable to comply with the sit/stand limitation as determined by ALJ Georger, and I find nothing as well. Therefore, this portion of plaintiff's motion is denied.

**C.     The ALJ inadequately evaluated plaintiff's use of a cane.**

Plaintiff further argues that ALJ Noel erred by failing to account for her use of a cane, which she and Dr. Liu claimed was medically necessary. [7-1] at 17-20. The Commissioner argues that plaintiff has not met her burden to establish that the cane was medically necessary, that the ALJ was not required to adopt Dr. Liu's opinion on this point, and that even if he did, such use did not preclude sedentary work. [8-1] at 18-21. I agree with the plaintiff.

SSR 96-9p states that "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed". SSR 96-9p, 1996 WL 374185, *7. This Court has held that "when there is medical documentation about a cane in the record, an ALJ's failure to determine whether the cane is medically necessary or to incorporate the use of a cane into the RFC is legal error". Charles F. v. Commissioner of Social Security, 2021 WL 963585, *4 (W.D.N.Y. 2021); see also Scott v. Berryhill, 2018 WL 4442882, *5 (W.D.N.Y. 2018); Rowe v. Berryhill, 2018 WL 4233702, *4 (W.D.N.Y. 2018).

Here, plaintiff reported to Dr. Liu that the cane was given to her by a doctor at the hospital after her surgery, though she did not recall whom. Id. at 1457. Dr. Liu opined that the cane was "medically necessary to limit pain". Id. At the January 2021 hearing, plaintiff testified that she still using the cane "as needed" around the house and outside. Id. at 42-43. Dr. Liu's opinion regarding the cane was expressly recounted by ALJ Georger in his Decision. Id. at 20. Despite this, there is no further discussion in the Decision regarding plaintiff's use of the cane or its effect on her ability to work. I conclude that this was insufficient.

I find plaintiff's statements, her treatment history, and Dr. Liu's opinion as to her use of the cane to be sufficient, at least, to raise the issue of its medical necessity. *See*, *e.g.*, Charles F., 2021 WL 963585 at *4; Rowe, 2018 WL 4233702 at *4 ("a cane need not be prescribed to be considered medically necessary"); *cf.* Smith v. Colvin, 2015 WL 3970932, *9 (W.D.N.Y. 2015) (denying where "there is no other evidence in the record that indicates that a cane was medically necessary"). I agree with the Commissioner that the use of a hand-held assistive device does not necessarily preclude the ability to do unskilled sedentary work. *See* SSR 96-9P, 1996 WL 374185 at 7 ("an individual who uses a medically required hand-held assistive device in one hand may still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand"). It is also assumed that "[b]ilateral manual dexterity is needed when sitting but is not generally necessary when performing the standing and walking requirements of sedentary work". Id. at n.7.

However, it is not clear that such an assumption is valid in this case. ALJ Georger found that plaintiff would need to stand for periods of roughly 15 minutes, alternating with equal

periods of sitting. [4] at 18.³ It has been observed that "[t]he use of an assistive device might reasonably create functional limitations of its own for plaintiff, such as affecting the use of her dominant hand or her ability to carry items". Vanever v. Berryhill, 2018 WL 4266058, *3 (W.D.N.Y. 2018). Here, one of the representative jobs cited by the vocational expert and adopted by ALJ Georger was a "Final Assembler". Id. at 22. According to the Dictionary of Occupational Titles ("DOT"), a Final Assembler "us[es] handtools[, p]ositions parts in fixture to align screw holes[, and i]nserts and tightens screws, using [a] screwdriver". DOT 713.687-018. 1991 WL 679271.

        It is unclear to me that a person would necessarily be able to perform this work while standing with a cane in her hand. It is likewise unclear whether ALJ Georger considered this, as he declined to articulate any analysis of whether plaintiff would be able to perform work with a cane, nor did he pose any inquiry about the cane's impact to the vocational expert. See Zabala v. Astrue, 595 F.3d 402, 410 (2d Cir. 2010) ("[i]t is well-settled in this Circuit that '[i]f a claimant has nonexertional limitations that 'significantly limit the range of work permitted by his exertional limitations,' the ALJ is required to consult with a vocational expert'").

        While there was evidence in the record that may undercut the severity of the plaintiff's cane use,⁴ the ALJ's analysis on this point is left completely unarticulated. "Remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review". Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). "It

---

³    The vocational expert opined that a sit/stand option "at will" or as needed would be work preclusive. [4] at 53. I am left to conclude that a sit/stand option with the ability to change positions every 15 minutes implies that plaintiff would be required to be able to sit or stand continuously for 15-minute intervals.

⁴    For example, there was medical opinion in the record that the cane would become unnecessary "with healing". Id. at 65, 83. In October 2020, plaintiff was observed with a normal gait, adequate balance and coordination, and was not using any assistive walking device. Id. at 1498.

is not the function of this Court to speculate as to the evidence and legal standards on which the ALJ based [his] decision, nor to supply its own rationale where the ALJ's decision is lacking or unclear." Matthews v. Commissioner of Social Security, 2018 WL 4356495 *4 (W.D.N.Y. 2018). The Commissioner's *post hoc* explanation of the ALJ's reasoning is of no avail. *See* Merkel v. Commissioner of Social Security, 350 F. Supp. 3d 241, 249 (W.D.N.Y. 2018) ("[d]efendant's after-the-fact explanation as to why the ALJ rejected [a medical] opinion cannot serve as a substitute for the ALJ's findings"); Booker v. Astrue, 2011 WL 3735808, *5 (N.D.N.Y. 2011) ("it is an elementary rule that the propriety of agency action must be evaluated on the basis of stated reasons").

For those reasons, remand is required. On remand, the ALJ should fully explore the medical necessity of plaintiff's use of the cane, the circumstances for which it is needed, and whether and to what extent the use of such a cane (if necessary) would materially impact plaintiff's ability to perform work.

## CONCLUSION

For these reasons, plaintiff's motion for judgment on the pleadings [7] is granted to the extent of remanding this claim to the Commissioner for further proceedings consistent with this Decision and Order, and is otherwise denied, and the Commissioner's motion for judgment on the pleadings [8] is denied.

**SO ORDERED**.

Dated: March 31, 2025

                /s/ Jeremiah J. McCarthy
                JEREMIAH J. McCARTHY
                United States Magistrate Judge